**Opinion filed November 17, 2011**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-11-00304-CR & 11-11-00305-CR

_____

## JOSEPH MARK CHARLES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR37407 & CR37408**

### MEMORANDUM OPINION

Appellant, Joseph Mark Charles, pleaded guilty to the offenses of indecency with a child as a lesser included offense of aggravated sexual assault and intentionally causing serious injury to a child. The trial court convicted appellant of these offenses and assessed punishment pursuant to the plea bargain agreement at confinement for fifteen years and thirty-five years respectively. We dismiss the appeals.

The papers on file in this court indicate that appellant's sentences were imposed on August 25, 2011, and that no motions for new trial were filed. Appellant filed a pro se notice of

appeal in each case on October 14, 2011, fifty days after the date sentence was imposed. On October 21, 2011, upon receiving appellant's notices of appeal, the docketing statements, the judgments, and the trial court's certifications of the right of appeal, this court notified the parties by letter that the notices of appeal appeared to be untimely, that these were plea-bargain cases in which appellant has no right of appeal, and that appellant had waived his right of appeal. We requested that appellant respond and show grounds for continuing the appeals. We also informed appellant that the appeals may be dismissed for want of jurisdiction.

Appellant filed a response on November 7, 2011. In his response, appellant acknowledged his lack of legal expertise, requested an extension so he could pursue these appeals on the grounds of ineffective assistance of counsel, and stated that he was in the process of filing various motions and a post-conviction habeas corpus.

Pursuant to TEX. R. APP. P. 26.2, the notices of appeal were due to be filed within thirty days after the date the sentences were imposed in open court. Appellant's notices of appeal were not filed until fifty days after his sentences were imposed. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Rule 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). We are also without jurisdiction to grant appellant's request for extension that was included in his response to this court's letter because such request was filed more than fifteen days after the date that the notices of appeal were due. *Olivo*, 918 S.W.2d 519.

Accordingly, these appeals are dismissed for want of jurisdiction.

PER CURIAM

November 17, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.